IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KATHIE WILSON SGIERS,
   *Plaintiff*,

v.

LAMERS BUS LINES, INC. et al.,
   *Defendants*.

Civil Action No. ELH-18-807

**MEMORANDUM**

Plaintiff Kathie Wilson Sgiers filed suit in the Circuit Court for Frederick County, Maryland on February 7, 2018, against Lamers Bus Lines, Inc. ("Lamers"), a Wisconsin-based bus company, and "John Doe," an unnamed bus driver working on behalf of Lamers. ECF 2 (Complaint). Plaintiff was an adult chaperone for a middle school trip from Chicago to Washington, D.C. *Id.* ¶ 3. The Complaint alleges that on February 15, 2015, as a result of defendants' negligence, plaintiff was injured when the bus driver "slammed on the brakes" as plaintiff was standing to load a movie into the bus's DVD player. *Id.* ¶ 6. Following the injury, plaintiff was driven to Frederick Memorial Hospital in Frederick, Maryland. *Id.* ¶ 7.

Lamers removed the case to this Court on March 19, 2018. ECF 1 (Notice of Removal). Thereafter, Lamers moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) or, in the alternative, for summary judgment.[1] ECF 7. The motion is supported by a memorandum of law. ECF 7-1 (collectively, "Motion"). In particular, Lamers asserts that this Court lacks personal jurisdiction over Lamers because plaintiff was injured in Virginia, not in Maryland, and Lamers has no other minimum contacts with Maryland. *See* ECF 7-1 at 5-7. Further, Lamers contends that the Complaint fails to state a claim because the injury occurred in Virginia, and therefore

---

[1] Lamers styles its motion as one for summary judgment, but it does not cite Fed. R. Civ. P. 56 or otherwise discuss summary judgment at all.

Virginia law applies, under the principle of *lex loci delictus*. *Id.* at 7. According to Lamers, Virginia's statute of limitations is only two years for personal injury cases, and therefore plaintiff's claims are time-barred. *Id.* at 7-8; *see* Va. Code § 8.01-243(A). In support of the Motion, Lamers attaches several exhibits, including the affidavit of the bus driver, Robert Mohr (ECF 7-7),[2] and a purportedly contemporaneous accident report, completed by a manager for Lamers. ECF 7-8.

Plaintiff opposes the Motion. ECF 9 ("Opposition"). She maintains that the injury in fact occurred in Maryland, and therefore the Court has personal jurisdiction over Lamers because Lamers caused tortious injury in Maryland. *Id.* at 7; *see* Md. Code (2013 Repl. Vol., 2017 Supp.), § 6-103(b) of the Courts & Judicial Proceedings Article. Her Opposition is accompanied by two affidavits, one from plaintiff herself (ECF 9 at 11-13), and one from Charles Rhodes, who was also on the trip, although on a different bus. ECF 9 at 14. The affidavits state that, given the relatively short drive from the site of the injury to Frederick Memorial Hospital, the bus must have been in Maryland when plaintiff was injured. *Id.* at 12, 15.

Thereafter, Lamers replied. ECF 10. It resubmitted its earlier exhibits, plaintiff's affidavits, and several documents from the hospital.

It seems evident that the entirety of the dispute, at this stage of litigation, concerns the location of the bus at the time plaintiff was injured. If the bus was in Maryland when the injury occurred, the case will go forward. And, if the bus was in Virginia at the time of the injury, plaintiff offers no basis for this Court's exercise of personal jurisdiction over Lamers. Nor does she explain how the suit would escape dismissal under Virginia's two-year statute of limitations.

---

[2] Although it appears that Mohr is the John Doe bus driver named in the Complaint, Mohr has not been sued or served.

The legal issue here is whether Maryland's long-arm statute is satisfied by Lamers' conduct. The answer depends entirely on a disputed fact, *i.e.*, whether the bus was in Maryland at the time of the injury. District courts have discretion to grant limited discovery to explore jurisdictional facts when the issue of personal jurisdiction is unclear. *See Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003) (citations omitted); *Mylan Labs., Inc. v. Azko, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993); *see also Estate of Alford v. Fuji Heavy Indus., Ltd.*, No. CV 3:15-16449, 2016 WL 756489, at *2 (S.D.W. Va. Feb. 25, 2016); *Celgard, LLC v. SK Innovation Co.*, No. 3:13-CV-00254-MOC, 2013 WL 7088637, at *6 (W.D.N.C. Nov. 26, 2013). Jurisdictional discovery is appropriate here.

Accordingly, I shall deny the Motion, without prejudice, and I shall grant the parties until July 16, 2018, to conduct discovery as to the question of the location of the bus at the time plaintiff was injured. Following discovery, Lamers shall have until September 7, 2018, to renew its Motion or, alternatively, to inform the Court that this specific question has been resolved.

An Order follows.

Date: May 2, 2018                          /s/
                                           Ellen Lipton Hollander
                                           United States District Judge